MONROE, J.
At the instance of the defendant, this court has ordered up for review *285 the judgment rendered in the above-entitled suit by the Court of Appeal for the parish of Orleans.
The plaintiff sues for $175, with interest, as the balance due upon the purchase price of a piano alleged to have been sold and delivered to the defendant and upon which plaintiff claims a vendor’s privileges. The answer is a general denial. Upon the trial in the district court, the plaintiff testified that he sold the piano in December, 1896, to defendant’s'wife, under a contract agreeably to which no part of the price was to become exigible until the expiration of five years; that the defendant was not present when the sale was made; and that he (plaintiff) never had any conversation with him (defendant) upon the subject, though he heard defendant’s wife tell him about it, and that the defendant appeared satisfied. He also testified that the defendant’s wife sold some jewelry for him (plaintiff), and thereby earned a commission of $24.50, which is to be credited on the price of the piano; that otherwise nothing has been paid on account of said price; and that the piano is, and has been since the date of the sale, at defendant’s house.
The defendant testified that he was present upon an occasion when the plaintiff was trying to sell his (defendant’s) wife a piano,* that he told plaintiff that he (defendant) had no money with which to make the purchase; that he was subsequently informed by his wife that she had bought the piano under an agreement to the effect that she was to pay for it by means of commissions to be earned in selling jewelry for the plaintiff; and that the piano was delivered at his (defendant’s) house and has been there ever since. He further testifies that the contract was made by his wife, not for his, but for her own, account, and that he told the plaintiff that he would not pay for it.
Miss A. Schomaker, defendant’s daughter, testified that she heard part of a conversation between the plaintiff and her mother, in which the former told the latter that she was to pay for the piano at the rate of $5 a month, “and within five years,” and that, “again,” she heard plaintiff propose to her mother to sell jewelry on commission, and that the latter had sold some jewelry when a misunderstanding arose, and the plaintiff furnished no more jewelry for that purpose.
Counsel for defendant then offered the latter’s wife as a witness, upon the ground that, according to the theory of the plaintiff, she had acted as her husband’s agent in buying the piano ; but it was held that the agency had not been established, and her testimony was excluded.
Judgment was rendered in favor of the plaintiff and against the defendant for $175, with interest, and, after an unsuccessful motion for a new trial, based upon alleged error in the ruling mentioned, the defendant took the case to the Court of Appeal, where the judgment appealed from was afBrmed.
In dealing with the question here presented, our learned brethren of the Court of Appeal say:
“Our attention is directed to a bill of exception reserved by the plaintiff [defendant] to the ruling of the trial judge excluding as a witness in the case the defendant’s wife. The ruling was correct. It is a little singular, to say the least, that, notwithstanding the fact that defendant’s sole defense is that his wife was unauthorized to make the purchase, and his own testimony to the effect that, in making the purchase, his wife was not acting as his agent, it should now be claimed that, being his agent, the wife was hence capacitated to be a witness in his behalf.”
In view of the admitted fact that the defendant was not present when his wife and the plaintiff entered into the contract out of which this suit arises, and that he learned the terms thereof only through the statements of his wife; in view of the conflict between the testimony of the plaintiff and defendant as to what the latter’s wife told him, defendant’s testimony upon the subject being to some extent corroborated by that of *286 Ms daughter; and, in view of the testimony of the defendant to the effect that he told the plaintiff that he had no money with which to pay for the piano, and would not pay for it — we are inclined to think that, even as matters stand, no case against the defendant has been made out.
The Court of Appeal, affirming the ruling and judgment of the district court, has, however, rejected the idea that the contract was made by the defendant’s wife for her own account, and has adopted the theory, propounded by the plaintiff, that it was made by her on behalf of her husband and ratified by him. This view necessarily ^involves the admission in evidence of the testimony of the wife, since it is inconsistent to exclude the testimony of the wife on the ground that she is not shown to have acted as the agent' of the husband, and at the same time condemn the husband upon the basis of Ms ratification of a contract held to have been made by the wife in his behalf.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal, here made the subject of review, be annulled, avoided, and reversed, and it is further adjudged and decreed that the judgment of the district court, affirmed by the Court of Appeal, be also annulled and reversed, and that this case be remanded to said district court, to be there proceeded with according to law and to the views expressed in tMs opinion; the costs of the appeal and of this application to be paid by the plaintiff, and the costs of the district court to await the final judgment.